FILED

**NOT FOR PUBLICATION**

APR 7 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| JATINDER SINGH HEHAR,<br><br>    Petitioner,<br><br>v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>    Respondent. | No.    18-73204<br><br>Agency No. A205-564-977<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 3, 2020[**]
Seattle, Washington

Before:  McKEOWN, N.R. SMITH, and NGUYEN, Circuit Judges.

Singh Hehar petitions for review of a decision of the Board of Immigration

Appeals ("BIA") affirming an order of an immigration judge ("IJ") denying his

applications for asylum, withholding of removal, and relief under the Convention

Against Torture ("CAT").  The BIA adopted the IJ's finding that Singh Hehar

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

established past persecution, but that the government had rebutted the presumption of future persecution. We grant the petition for review.

1.    Substantial evidence does not support the BIA's conclusion that the government rebutted the presumption of a well-founded fear of future persecution based on a fundamental change of circumstances. "[W]e have long held that the determination of whether or not a particular applicant's fear is rebutted by general country conditions information requires an individualized analysis that focuses on the specific harm suffered and the relationship to it of the particular information contained in the relevant country reports." *Chand v. INS*, 222 F.3d 1066, 1079 (9th Cir. 2000). Here, the government presented the 2017 election results in Punjab. The election results merely showed the Indian National Congress Party won a majority in the Punjab legislature, diminishing the power of the Bharatiya Janata Party and Shiromani Akali Badal Party, who were in the majority when Singh Hehar was persecuted. The government did not present any evidence of "how changed conditions [(those election results)] will affect [Singh Hehar's] situation," as a politically active member of the Shiromani Akali Dal Amritsar Party. *See id.* (citation omitted). Accordingly, the BIA failed to make the individualized analysis that was required. *See id.*

2. Similarly, substantial evidence does not support the BIA's conclusion that Singh Hehar could safely relocate to another area of India. As with a change in circumstances, the BIA must provide an individualized analysis of whether relocation is reasonable. *See Singh v. Whitaker*, 914 F.3d 654, 659 (9th Cir. 2019). The government proposed that Singh Hehar could relocate "outside" of Punjab, a "generally defined area" that "require[s] a more comprehensive showing of proof that the entirety of the area is safe for relocation, as compared to . . . a specific city." *See id.* at 660. However, the government only submitted two out-of-date country reports to rebut the presumption that "internal relocation would not be reasonable." *See* 8 C.F.R. § 1208.13(b)(3)(ii). The BIA failed to "conduct a sufficiently individualized analysis of [Singh Hehar's] ability to relocate." *Singh*, 914 F.3d at 661.

3. Because the BIA failed to properly assess Singh Hehar's presumption of a well-founded fear of future persecution, we remand the issue of whether Singh Hehar has established eligibility for CAT relief.

4. Substantial evidence supports the BIA's denial of humanitarian asylum based on its conclusion that the persecution suffered by Singh Hehar was not "extremely severe" in nature. *Id.* at 662. However, because the BIA improperly assessed Singh Hehar's fear of future persecution, we remand for the BIA to

reconsider whether Singh Hehar established "a reasonable possibility that he . . . may suffer other serious harm upon removal to [India]." *Id.* (quoting 8 C.F.R. § 1208.13(b)(1)(iii)).

**PETITION FOR REVIEW GRANTED and REMANDED.**